UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
METTANIE TAPIA, SHAUNA KERN, on behalf of      :
Themselves and all others similarly situated,       :
                                                    :        **COMPLAINT**
                          Plaintiffs,               :
                                                    :        **COLLECTIVE AND**
                    -against-                        :        **CLASS ACTION**
                                                    :
F.M.M.L. VENTURES, Inc. d/b/a SUGARDADDY'S :
GENTLEMAN's CLUB, FRANK MALATESTA,           :
individually, MARIA LANTIN, individually            :
                                                    :
                          Defendants.               :
-------------------------------------------------------------------X

Plaintiffs Mettanie Tapia and Shauna Kern ("plaintiffs"), individually and on behalf of all

others similarly situated, as class a representative, by her attorneys Zabell & Associates,

P.C. and Raymond Nardo, P.C., upon personal knowledge as to themselves, complaining

of defendants, F.M.M.L. VENTURES, Inc. d/b/a SUGARDADDY'S GENTLEMAN's

CLUB, FRANK MALATESTA, individually, MARIA LANTIN, individually (collectively

referred herein as "defendants") alleges:

### NATURE OF THE ACTION

1.      This action seeks to recover unpaid minimum wages, overtime pay,

misappropriated tips and other monies pursuant to the Fair Labor Standards Act, 29

U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL") on

behalf of exotic dancers at the Sugardaddy's Gentleman's Club ("Sugardaddy's").

2.      Federal Courts in New York have found that exotic dancers at adult clubs

are employees and are entitled to protections under federal and New York state law. *See*

*Hart v. Rick's Cabaret Int'l, Inc.*, No. 09 Civ. 3043, 2013 WL 4822199, at *15, 19, 34 (S.D.N.Y. Sept. 10, 2013).

3.    Sugardaddy's, a popular adult club in Queens, New York, misclassifies its exotic dancers as independent contractors and deprives them of the protections of the New York Labor Law and Fair Labor Standards Act by failing to pay minimum wages, overtime pay, misappropriating tips, and making unlawful deductions.  In fact, exotic dancers at the Sugardaddy's do not receive any hourly wages whatsoever, earning only what customers choose to leave as tips.

## JURISDICTION

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 as Sugardaddy's is located in the Eastern District of New York.

## THE PARTIES

**Plaintiffs**

8.    Mettanie Tapia ("Tapia") resides in Queens, New York. She was employed by defendants as an exotic dancer at Sugardaddy's from in or around April 2013 to March

- 2 -

2014.

9.      Shauna Kern ("Kern") resides in Pennsylvania and was employed by defendants as an exotic dancer at Sugardaddy's from in or around July 2013 through November 26, 2014.

10.      Plaintiffs were defendants' employees within the meaning of the FLSA and the NYLL.

11.      At all times relevant to this action, Plaintiffs were engaged in commerce or in the production of goods for commerce on behalf of defendants.

12.      A written consent form for Plaintiffs is being filed with this Class Action Complaint.

**Defendants**

13.      Defendant F.M.M.L. Ventures, Inc. is a New York corporation that owns and operates Sugardaddy's. The principal executive office of F.M.M.L. Ventures, Inc. is 3621 Review Ave., Queens, NY 11101, the address of Sugardaddy's. Upon information and belief, Sugardaddy's is located at 51-07 27th St., Long Island City, 11101, which is in the Eastern District of New York.

14.      Defendant F.M.M.L. Ventures, Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant F.M.M.L. Ventures, Inc. has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as food, beverages, alcohol, and outfits for exotic dancers; and (2) an annual gross volume of sales in excess of $500,000.

- 3 -

15.    F.M.M.L. Ventures, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed plaintiffs and similarly situated employees.

16.    At all relevant times, F.M.M.L. Ventures, Inc. has maintained control, oversight, and direction over plaintiffs and similarly situated employees.

17.    F.M.M.L. Ventures, Inc. applies the same employment policies, practices, and procedures to all exotic dancers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, customer tips, and uniform-related expenses, and the making of unlawful deductions.

18.    Defendant Frank Malatesta is a person engaged in business in the County of Queens, who is an owner, officer, and/or agent of F.M.M.L. Ventures, Inc.  He exercises sufficient control over Sugardaddy's operations to be considered Plaintiffs' "employer" under the FLSA and NYLL, including the authority to hire and fire, and at all times material herein established and exercised authority regarding the pay practices at Sugardaddy's.

19.    Frank Malatesta is identified by the New York State Liquor Authority as a "Principal" for the premises doing business as Sugardaddy's.

20.    Defendant Maria Lantin is a person engaged in business in the County of Queens, who is an owner, officer, and/or agent of F.M.M.L. Ventures, Inc.  She exercises sufficient control over Sugardaddy's operations to be considered Plaintiffs' "employer" under the FLSA and NYLL, including the authority to hire and fire, and at all times material herein established and exercised authority regarding the pay practices at

- 4 -

Rivera's.

21.     Maria Lantin is identified by the New York State Liquor Authority as a "Principal" for the premises doing business as Sugardaddy's.

22.     The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of the FLSA.

## CLASS ACTION ALLEGATIONS

23.     The claims in this Complaint arising out of the NYLL are brought by plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class consisting of all persons who have worked as exotic dancers at Sugardaddy's in New York for the past six years (the "Rule 23 Class").

24.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

25.     The size of the Rule 23 Class is at least 300 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of defendants.

26.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.  For example, none of the Rule 23 class members are paid minimum or overtime wages, or are allowed to retain all of the tips they receive.

27.     Common questions of law and fact exist as to the Rule 23 Class that

predominate over any questions only affecting them individually and include, but are not limited to, the following:

a. Whether defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

b. Whether defendants failed to pay plaintiffs and the Rule 23 Class minimum wages for all of the hours they worked;

c. Whether defendants correctly compensated plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

d. Whether defendants misappropriated tips from plaintiffs and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips paid by customers that were intended for the plaintiffs and the Rule 23 Class, and which customers reasonably believed to be gratuities for the plaintiffs and the Rule 23 Class;

e. Whether defendants retained a portion of the tips paid by customers and/or distributed to workers who are not entitled to receive tips under the NYLL;

f. Whether defendants made unlawful deductions from the wages of plaintiffs and the Rule 23 Class, including, but not limited to, deductions for house fees, late fees, missed work fees, and mandatory tip outs, in violation of the NYLL;

g. Whether defendants failed to reimburse plaintiffs and the Rule 23 Class for uniform-related expenses in violation of the NYLL;

h. Whether defendants failed to keep true and accurate time and pay records for all hours worked by plaintiffs and the Rule 23 Class, and other records required by the NYLL;

i. Whether defendants failed to furnish plaintiffs and the Rule 23 Class with wage notices, as required by the NYLL;

j. Whether defendants failed to furnish the plaintiffs and the Rule 23 Class with accurate statements of wages, hours worked, rates paid, and gross wages, as required by the NYLL;

k. Whether defendants' policy of failing to pay workers was instituted

- 6 -

willfully or with reckless disregard of the law; and

 l. the nature and extent of class-wide injury and the measure of damages for those injuries.

28. The claims of the plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. The Plaintiffs and all of the Rule 23 Class members work, or have worked, for defendants as exotic dancers at Sugardaddy's in New York. The Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be properly compensated for all hours worked, to retain customer tips, not to have unlawful deductions made from their wages, and to be reimbursed for uniform-related expenses.

29. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to defendants' common policies, practices, and patterns of conduct.

30. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

31. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.

32. There is no conflict between the Plaintiffs and the Rule 23 members.

33. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' violations of the NYLL, as well as their

common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The class members individually lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

35.     The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and similarly situated persons who are current and former exotic dancers at Sugardaddy's since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

36.     The FLSA Collective consists of exotic dancers who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum wage, overtime pay, tips, and other monies.

37.     As part of their regular business practice, defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to the plaintiffs and the FLSA Collective. This policy and pattern or

practice includes, but is not limited to:

      a.  willfully failing to pay its employees, including plaintiffs and the  FLSA Collective, minimum wages for all hours worked and the appropriate premium overtime wages for all hours worked in excess of  40 hours in a workweek;

      b.  depriving the exotic dancers of tips that they earned;

      c.  forcing employees to pay for required uniform purchase costs to pay house fees to the House Mom, DJ, and to pay penalties for arriving late, calling in sick, and improper grooming.;

      d.  willfully failing to record all of the time that its employees, including plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

38.     Defendants' unlawful conduct is pursuant to a corporate policy or practice of minimizing labor costs by misclassifying Plaintiffs and the FLSA Collective as independent contractors and failing to properly compensate Plaintiffs and the FLSA Collective for the hours they work.

39.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective minimum wage for all of the hours they worked, especially as they litigated this issue four years ago.

40.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per week.

41.     The FLSA Collective would benefit from the issuance of a court supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

42.     Those similarly situated employees are known to defendants, are readily identifiable, and can be located through defendants' records.

43.     Defendants' deceptive conduct – including, but not limited to, taking steps to lead plaintiffs and Class Members to believe that they were independent contractors and not employees – prevented Plaintiffs and Class Members from discovering or asserting their claims any earlier than they did.

### DEEFENDANTS' SUPERVISION AND CONTROL OF THE PLAINTIFFS AND CLASS MEMBERS

44.     Defendants have had the power to hire and fire Plaintiffs and Class Members.

45.     Defendants have supervised and controlled Plaintiffs and Class Members' schedules and conditions of work.

46.     Defendants have implemented rules that governed Plaintiffs' and Class Members' working conditions.

47.     Among other things, defendants required Plaintiffs and Class Members to:

    (a)     pay a fee/fine if they do not work on certain holidays, of approximately;

    (b)     pay a fee/fine if they arrive late to work;

    (c)     pay a fee/fine if they did not work a scheduled shift;

    (d)     purchase uniforms approved by Sugardaddy's, directly from Sugardaddy's;

    (e)     pay a fee/fine if they did not work a minimum of four days per week;

    (f)     be groomed in accordance with Sugardaddy's standards;

    (g)    remain in uniform until the end of their shifts;

    (h)    share tips with other employees, such as the House Mom, DJ, and cashier/bouncer;

    (i)    pay house fees.

48.    Defendants posted a rule in the workplace stating that if dancer arrived at work after 11:00pm, they would pay a fee of $150. Defendant also posted a rule that they would be fined if they used the customer bathroom they would be fined $100, and that they would also be fined $20 for using a cellphone on the dance floor. Plaintiffs also had to pay $60 to leave before the end of their shift. Among other things, defendants prohibited Plaintiffs and Class Members from:

    (a)    wearing certain types of clothing during certain shifts;

    (b)    changing into street clothes before the end of their shift;

    (c)    carrying cellphones on the dance floor;

    (d)    leaving the stage before the next dancer arrived; and

    (e)    working at another exotic dancing club.

49.    Defendants determined the rate and method of payment of plaintiffs and Class Members, including but not limited to the portion of tips that Sugardaddy's would retain and the fact that plaintiffs and Class Members would not receive any minimum wages.

50.    Defendants maintained employment records for plaintiffs and Class Members. In fact, each applicant is required to fill out an employment application and provide photo identification. The application and photocopy of the photo identification

are filed and maintained by defendants.

## SUGARDADDY'S'S FAILURE TO PAY
## MINIMUM WAGE AND OVERTIME PAY

51.     Defendants are required to pay plaintiffs and the members of the Rule 23 Class

the full minimum wage at a rate of $7.15 per hour for all hours worked from September 17,

2007 to July 23, 2009; $7.25 per hour for all hours worked from July 24, 2009 to December 30,

2013; and $8.00 per hour for all hours worked from December 31, 2013 until the present,

under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor

Regulations.

52.     Defendants did not pay plaintiffs any wages for all hours that they suffered

or wer permitted by defendants to work.

53.     Plaintiffs' wages consisted only of the tips they earned from Sugardaddy's

patrons, minus fees and fines they were required to pay by Sugardaddy's.

54.     Tapia was scheduled to work at Sugardaddy's approximately 4 to 7 nights a

week, from 8:00 p.m. to 4:00 a.m., for approximately 32 to 56 hours per week.

55.     Tapia was required to work a minimum of four days a week and was not

permitted to leave early from her scheduled shift.

56.     Kern was scheduled to work at Sugardaddy's approximately 4 to 7 nights a

week, from 8:00 p.m. to 4:30 a.m.  She also worked an extended shift, from 4pm to 4:00am

on Thursdays and Fridays, for approximately 40 to 64 hours per week.

57.     Defendants suffered or permitted plaintiffs to work over 40 hours per week

as exotic dancers, up to a maximum of approximately 64 hours per week.  During such

- 12 -

workweeks, Defendants did not compensate plaintiffs for minimum wage and one-half

the full minimum wage rate for all of the overtime hours they worked.

## SUGARDADDY'S UNLAWFUL DEDUCTIONS FROM WAGES AND UNLAWFUL RETENTION OF TIPS

58.     Sugardaddy's employs a "House Mom" who creates a schedule for the

exotic dancers and posts the schedule in the club.  She receives a fee of $10 per exotic

dancer per night.

59.     At the beginning of each shift, before the exotic dancers were permitted to

begin work, plaintiffs and all other exotic dancers were required by Sugardaddy's to pay

a "house fee" of $30,  $55, $65, $75, or $150, depending on the time of arrival, directly to

the house mom and $20.00 directly to the featured DJ.  Any fee above $30 was a late fee.

60.     Sugardaddy's charged plaintiffs and all other exotic dancers a fine of

$100.00 or to work a make-up day, if she was a "no show" for a scheduled shift, and

$300.00 if she was a "no-show" for a scheduled holiday shift, including Christmas Eve,

Thanksgiving, New Year's Eve and New Year's Day.

61.     Sugardaddy's charged plaintiffs and all other exotic dancers a fine of $20.00

if the dancer did not maintain an acceptable manicure and pedicure.

62.     Sugardaddy's charges patrons $25.00 per lap dance given by the exotic

dancers.  Sugardaddy's takes $5.00 and the exotic dancers receive the remaining $20.00.

63.     Patrons wishing to purchase a lap dance by credit card must buy a ticket

from Sugardaddy's and give a receipt to the dancer.

64.     At the end of each shift, plaintiffs and the other exotic dancers must present

the receipt to a cashier to be paid for the dance.  The exotic dancers are required to tip a cashier/bouncer employed by Sugardaddy's between $2.00 and $5.00 per shift.

65.     Defendants did not allow plaintiffs to retain all of the tips they earned, instead defendants unlawfully demanded, handled, pooled, counted, distributed, accepted, and/or retained portions of the tips that plaintiffs earned.

66.     Defendants unlawfully redistributed part of plaintiffs's tips to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL, such as "House Moms," DJs, and cashiers/bouncers.

67.     Defendants made unlawful deductions from plaintiffs' wages, including, but not limited to, deductions for house fees, late fees/fines, missed work fees/fines, uniforms, and mandatory tip outs.

68.     Defendants required plaintiffs to purchase and wear a uniform.  The uniform was sold by the House Moms and ranged in price from $50.00 to $100.00.   Dancers purchased two uniforms per shift.

69.     The uniforms may not be worn as part of plaintiffs' ordinary wardrobe; were not made of "wash and wear" materials; could not be routinely washed and dried with other personal garments; and required ironing, dry cleaning, and/or other special treatment.

70.     Defendants did not launder and/or maintain plaintiffs mandatory uniform, pay plaintiffs the required weekly amount for uniform maintenance in addition to the required minimum wage, or reimburse plaintiffs for uniform-related expenses.

71.     Plaintiffs paid the above fees based on statements, representations, and/or

- 14 -

understandings that failure to comply with Sugardaddy's requests or demands would

prevent the Plaintiffs from procuring or retaining employment at Sugardaddy's.

## DEFENDANTS' VIOLATIONS OF THE
## WAGE THEFT PREVENTION ACT

72.     The NYLL and Wage Theft Prevention Act requires employers to provide

all employees with a written notice of wage rates at time of hire and also on or before

February 1st of each subsequent year of employment.

73.     Defendants did not keep accurate records of wages owed or tips earned, or

of hours worked by plaintiffs.

74.     Defendants failed to furnish plaintiffs with annual wage notices.

75.     Defendants failed to furnish plaintiffs with accurate statements of wages,

hours worked, rates paid, and gross wages.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Unpaid Minimum Wages)

76.     Plaintiffs re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

77.     Plaintiffs has consented in writing to be a party to this action, pursuant to

29 U.S.C. § 216(b).

78.     At all times relevant, plaintiffs and the members of the FLSA Collective

were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

79.     At all times relevant, defendants have been employers of plaintiffs and the

members of the FLSA Collective, engaged in commerce and/or the production of goods

for commerce, including food, beverages, and uniforms, within the meaning of 29 U.S.C.

§§ 201 *et seq.*

80.     Defendants have failed to pay plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

81.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the members of the FLSA Collective.

82.     Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

83.     As a result of defendants' willful violations of the FLSA, plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act – Overtime Wages)

84.     Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendants have failed to pay plaintiffs and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

86.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the members of the FLSA Collective.

87.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

88.     As a result of Defendants' willful violations of the FLSA, plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

### THIRD CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wages)

89.     Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

91.     At all times relevant, plaintiffs and the members of the Rule 23 Class have been employees of defendants, and defendants have been employers of plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

92.     Defendants have failed to pay plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

93.     Through their knowing or intentional failure to pay minimum hourly wages to plaintiffs and the members of the Rule 23 Class, defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

94.     Due to defendants' willful violations of the NYLL, plaintiffs and the members of the Rule 23 Class are entitled to recover from defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### (New York Labor Law – Unpaid Overtime)

95.     Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96.     Defendants have failed to pay plaintiffs and the members of the Rule 23 Class the premium overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations for all hours worked beyond 40 per workweek.

97.     Through their knowing or intentional failure to pay plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and

the supporting New York State Department of Labor Regulations.

98.    Due to defendants' willful violations of the NYLL, plaintiffs and the members of the Rule 23 Class are entitled to recover from defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**(New York Labor Law –Tip Misappropriation)**

99.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to defendants, and protect plaintiffs and the members of the Rule 23 Class.

101.    Defendants have unlawfully demanded or accepted, directly or indirectly, part of the gratuities received by plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

102.    Defendants have unlawfully retained part of the gratuities earned by plaintiffs and the members of the Rule 23 Class in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations.

103.    Defendants have required plaintiffs and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d, and the supporting

New York State Department of Labor Regulations.

104.    Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities received by plaintiffs and the members of the Rule 23 Class, defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 137 and Part 146.

105.    Due to defendants' willful violations of the NYLL, plaintiffs and the members of the Rule 23 Class are entitled to recover from defendants the value of the misappropriated gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
#### (New York Labor Law – Unlawful Deductions from Wages)

106.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants have made unlawful deductions from the wages of plaintiffs and the members of the Rule 23 Class, including, but not limited to, deductions for house fees, late fees/fines, missed work fees/fines, and mandatory tip outs.

108.    The deductions made from the wages of plaintiffs and the members of the Rule 23 Class were not authorized or required by law.

109.    The deductions made from the wages of plaintiffs and the members of the Rule 23 Class were not expressly authorized in writing by plaintiffs and the members of the Rule 23 Class, and were not for the benefit of plaintiffs and the members of the Rule

23 Class.

110.    Through their knowing or intentional efforts to permit unauthorized deductions from the wages of plaintiffs and the members of the Rule 23 Class, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

111.    Due to defendants' willful violations of the NYLL, plaintiffs and the members of the Rule 23 Class are entitled to recover from defendants the amounts of any unlawful deductions, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
#### (New York Labor Law – Uniform Violations)

112.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

113.    Defendants have required plaintiffs and the members of the Rule 23 Class to purchase and wear a uniform consisting of clothing that is not ordinary basic street clothing selected by plaintiffs and the members of the Rule 23 Class, and that may not be worn as part of Plaintiffs' and the members of the Rule 23 Class' ordinary wardrobe.

114.    Defendants have failed to launder and/or maintain mandatory uniforms for plaintiffs and the members of the Rule 23 Class, and have failed to pay plaintiffs and the members of the Rule 23 Class the required weekly amount for uniform maintenance in addition to the required minimum wage.

115.    Through their knowing or intentional failure to pay and/or reimburse

plaintiffs and the members of the Rule 23 Class for mandatory uniform-related expenses, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

116.   Due to defendants' willful violations of the NYLL, plaintiffs and the members of the Rule 23 Class are entitled to recover from defendants the costs of purchasing and maintaining their uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**EIGHTH CAUSE OF ACTION**
**(New York Labor Law – Failure to Provide Wage Notices)**

117.   Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

118.   Defendants have willfully failed to supply plaintiffs and other exotic dancers with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by plaintiffs and other exotic dancers as their primary language, containing Plaintiffs' and the other exotic dancers' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

- 22 -

119.    Through their knowing or intentional failure to provide plaintiffs and the other exotic dancers with the wage notices required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

120.    Due to defendants' willful violations of NYLL, Article 6, § 195(1), plaintiffs and the other exotic dancers are entitled to statutory penalties of fifty dollars for each workweek that defendants failed to provide plaintiffs and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

121.    Defendants have willfully failed to supply plaintiffs and the other exotic dancers with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

122.    Through their knowing or intentional failure to provide plaintiffs and the other exotic dancers with the accurate wage statements required by the NYLL, defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

123.    Due to defendants' willful violations of NYLL, Article 6, § 195(3), plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of one hundred dollars for each workweek that defendants failed to provide plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully requests that this Court enter a judgment:

a.    authorizing the issuance of notice, to all exotic dancers who are presently working, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Sugardaddy's. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.    certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c.    designating plaintiffs as a representative of the Rule 23 Class and counsel of record as Class Counsel;

d.    declaring that defendants have violated the minimum wage, overtime pay of the FLSA, and supporting United States Department of Labor Regulations;

e.    declaring that defendants have violated the minimum wage, overtime pay

provisions of the NYLL;

      f.     declaring that defendants have violated unlawful deductions provisions of the NYLL;

      g.     declaring that defendants' violations of the FLSA were willful;

      h.     awarding plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid wages;

      i.     disgorging from defendants and ordering that the defendants remit back the amount of the tips misappropriated from the wages of plaintiffs, the FLSA Collective, and the Rule 23 Class;

      j.     awarding plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

      k.     awarding plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages of fifty dollars for each workweek that defendants failed to provide plaintiffs and the members of the Rule 23 Class with wage notices, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

      l.     awarding plaintiffs, the FLSA Collective and the Rule 23 Class liquidated damages of one hundred dollars for each workweek that defendants failed to provide plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of twenty-five hundred dollars each, as provided for by NYLL, Article 6 § 198;

      m.     issuing a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19,

§§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

n.      awarding plaintiffs, the FLSA Collective, and the Rule 23 Class   pre-judgment and post-judgment interest under the FLSA and the NYLL;

o.      granting an injunction requiring defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

p.      awarding plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys fees' and costs pursuant the FLSA and the NYLL; and

q.      awarding such other and further relief as the Court deems just and proper.

Dated: Bohemia, NY
            December 12, 2014

ZABELL & ASSOCIATES, P.C.

By:      _____
            Saul Zabell, Esq.
            One Corporate Drive, Ste. 103
            Bohemia, NY 11716
            (631)589-7242
            (631)563-7475
            *Attorneys for Plaintiffs*

RAYMOND NARDO, P.C.

By:      _____
            Raymond Nardo, Esq.
            129 Third St
            Mineola, NY 11501
            (516) 248-2121
            raymondnardo@gmail.com
            *Attorneys for Plaintiffs*

- 26 -